## TWELVES *vs.* NEVILL.

[BILL IN EQUITY BY REMAINDER-MEN, AGAINST PURCHASER FROM
TENANT FOR LIFE, TO ENFORCE TRUST.]

1. *Who are necessary parties to bill.*—Where slaves are conveyed, by deed of gift, to the grantor's wife and children jointly during the life of the wife, with remainder to the children; and are mortgaged by the wife, to secure an individual debt, to a creditor who has constructive notice of the deed; and are removed from the State by the mortgagee, with the assent of the wife, and sold; a junior mortgagee, who also assented to the removal and sale of the slaves, and who received a portion of the proceeds of the sale, under a promise to refund if necessary, is not a necessary party to a bill, filed by the children, against the wife and senior mortgagee, seeking to hold the latter accountable as a trustee for the proceeds of sale.

2. *Registration of deed of gift, conveying life-estate with remainder over.*—By the registration statutes of this State, (Code, § § 1274-5, 1285, 1294, 1296,) a deed of gift of slaves, by which a life-estate is conveyed to one person, with remainder to another, if recorded in the county in which the grantor resides, and in which the slaves are at the time, is admissible in evidence without further proof, and its registration operates as constructive notice of its contents; nor is it necessary that it should be recorded within four months in any other county to which the property may be removed.

3. *"Heirs," in deed of gift, construed to mean "children."*—A deed of gift, by which slaves are conveyed to the grantor's wife Endora " and her *bodily heirs* by me" [him], to be managed and controlled by the wife " for the best interests of said Endora and *children;*" and by which it

is further declared to be "the express meaning and intent of these presents to belong to my" [his] "wife and *children*, during the natural life of said Endora, and at her death to descend to my" [his] "children,"—vests in the children a joint estate with their mother during her life, with remainder at her death.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 1st May, 1860, by William C. Nevill, Ida E. Nevill, and Iola A. Nevill, infants, who sued by their next friend, against their mother, Mrs. Endora Nevill, and Stephen Twelves; and sought, principally, to hold said Twelves accountable as a trustee for the proceeds of the sale of a slave, which he had sold under a mortgage executed to him by Mrs. Nevill, and in which the complainants claimed a beneficial interest under a deed of gift from their father, Samuel L. Nevill. The deed of gift, which was made an exhibit to the bill, was dated the 9th March, 1858, and was in the following words:

"Know all men, by these presents, that I, Samuel L. Nevill, a resident of the county of Sumter, and State of Alabama, for and in consideration of the natural love and affection which I have and bear towards my wife, Endora Caledonia Nevill, and in and for the consideration of one dollar, to me in hand paid, (the receipt whereof is hereby acknowledged,) have given, granted, and conveyed, and, by these presents, do give, grant, and convey, to my said wife Endora, and the bodily heirs of Endora by me, all my right, title, and interest, in any and every character whatever, to one negro woman named Martha, twenty-three years old, together with the increase of said Martha; to have and to hold from this day forward, and to be governed by the following conditions—to-wit: My wife Endora is to have the entire management of the above-named Martha, together with her increase, to control and manage to the best interests of said Endora and children, as seemeth to suit her judgment, to herself and bodily heirs of S. L. Nevill. Said Endora C. Nevill is empowered by these presents to appoint, if in her judgment it is best, some suitable person to sell or exchange said property, for the purpose of pro-

curing other property, of the same, or of a different kind; any other property so procured to be held bound and governed in every respect as the original; it being the express meaning and intent of these presents, to belong to my wife and children, during the natural life of said Endora, and at her death to descend to my children. In testimony whereof," &c.

The bill alleged that, at the time of the execution of this deed, the grantor resided in Sumter county, and continued to reside there up to the time of his death; that the deed was regularly recorded in Sumter county, on the 15th March, 1858, having been acknowledged by the grantor before a justice of the peace; that in December, 1858, Mrs. Nevill having removed to Mobile, and carried the slave with her, mortgaged said slave to the defendant Twelves, to secure the payment of a note which she owed him; that said Twelves had actual notice of the deed of gift at the time he took the mortgage; that he afterwards carried the slave out of the State, with the consent of Mrs. Nevill, sold her in New Orleans, for less than her full value, and applied the proceeds of sale to the payment of the mortgage debt, and other individual debts of Mrs. Nevill's. The prayer of the bill was, " that it may be referred to the master to ascertain and report the full value of said slave at the time she was sold at the instance of said Twelves; that said Twelves may be compelled to pay into court the full value of said slave, with interest thereon from the day of sale; that the money so paid in may be invested, under the order and direction of the court, in other property, and the same be substituted in the place of said slave, and be held according to the terms of said deed : or, that said Twelves may get and the return said slave; or, should the interest of said Endora in said money or slave be chargeable upon such property, that the same may be so charged as to the court may appear best suited to carry out the provisions of said deed; or, should it appear to the court more fit, that the complainants' interest in said slave be ascertained and reported upon by the master, and such interest be paid into court by said Twelves, and be invested for the complainants' exclusive use and benefit; with such

other and further relief as their case and equity may require."

A decree *pro confesso* was entered against Mrs. Nevill. The defendant Twelves answered, denying all knowledge or notice of the deed of gift, and requiring proof of the execution and registration of said deed as alleged in the bill; avering that, at the time of the execution of the mortgage, the slave was in the possession of Mrs. Nevill, in Mobile, and that the deed, if it ever existed, was not recorded in Mobile county; admitting his removal and sale of the slave, with the consent of Mrs. Nevill, but averring that the price realized at the sale was the full value of the slave at the time, and that the proceeds of sale were applied, first, to the payment of his mortgage debt, and the residue paid over to Messrs. Bowen & Gilman, of Mobile, who held a prior mortgage on the slave, and who assented to the removal and sale; and demurring to the bill, for want of equity. He appended to his answer, as exhibits, his mortgage, the note which it was given to secure, the mortgage to Bowen & Gilman, their written assent to the removal and sale of the slave, and their receipt for the money paid to them, which contained a stipulation on their part "to refund, or bear our" [their] "proportion of the expenses of said sale," in the event that said Twelves "should in any way become liable for disposing of said slave, and have to refund, or in any way lose by the above sale."

The record does not show that the chancellor passed on the demurrer; but, on final hearing, on pleadings and proof, he rendered a decree for the complainants; holding, that the defendant Twelves was chargeable with the value of the slave in Mobile at the time of the sale in New Orleans, and with three-fourths of the interest on that sum; directing him to pay that amount, when ascertained by the master, into court; and ordering a reference to the master, to ascertain that value. The record contains no note of the testimony which was offered on the hearing; nor does the evidence, as set out in the transcript, show that the execution or registration of the deed of gift was proved. The deed itself, as made an exhibit to the bill, purported to have been signed by the grantor, by making his mark;

but there was no attesting witness, and the deed was admitted to record on the grantor's acknowledgment before a justice of the peace. The chancellor overruled the defendant's exceptions to the master's report, confirmed the report, and rendered a decree, requiring the defendant to pay into court, by a specified day, the amount reported by the master as the value of the slave in Mobile at the time she was sold in New Orleans, with three-fourths of the legal interest on that sum from that day.

The errors now assigned, on the part of the defendant Twelves, are—1st, "that the chancellor rendered a decree for the complainants, when a material defendant was not before the court"; 2d, "that the chancellor rendered a decree for the complainants, when he should have dismissed the bill"; and 3d, "the chancellor's decree on the exceptions to the master's report."

P. HAMILTON, for appellant.

R. H. & J. L. SMITH, contra.

A. J. WALKER, C. J.—The assignments of error in this case object that the chancellor rendered any decree at all in favor of the complainants, but seem carefully to avoid raising any question as to the mode or measure of relief adopted by the chancellor in his decree settling the equities between the parties. We are therefore not called upon to decide the question of the proper relief in this case, and must not be understood as holding that the complainants have obtained the particular relief to which they were entitled.

[1.] We do not think that, upon the facts stated in the answer, Bowen & Gilman were necessary parties.—*Lockwood v. Benedict*, 3 Edw. Ch. R. 472 ; *Batre v. Auze*, 5 Ala. 173 ; *Haley v. Bennett*, 5 Porter, 452.

[2.] Section 1285 of the Code applies only where slaves or other property, in which an estate for life or years is claimed, is brought to this State by some person removing to it. Section 1296 of the Code can not affect this case, even if it be understood to require registration in Mobile, whither complainants' mother removed ; because the period

within which it requires registration to be made, had not elapsed when this suit was commenced. The recording of the deed, within a few days after its execution, in Sumter county, where the parents of complainants resided, and where the property was at the time, was authorized by the statute.—Code, §§ 1294, 1296. Being so recorded, it would be admissible in evidence without further proof, (Code, § 1275,) and such recording would be constructive notice of its contents.—Code, § 1274.

[3.] We entertain no doubt, that the deed of Samuel L. Nevill conveyed the beneficial interest in the slave Martha to Mrs. Nevill and her children for life, with remainder to the children. The word "heirs" is clearly shown by the instrument to be used as the synonym of children.

We are unable to find any erroneous action in any of the matters brought to our attention by the counsel, and, therefore, we affirm the chancellor's decree.

STONE, J., not sitting.