# Moore v. Lee.

*Bill in Equity to enforce Vendor's Lien.*

1. *Bill to enforce vendor's lien; when fact that deed did not include
land purchaser thought he was buying, constitutes no defense.*—On a bill
filed to enforce a vendor's lien, the defense that the deed from the
complainant did not include certain lands which the complainant
had shown to the respondent before the purchase and which the latter
thought he was purchasing, is not established when the evidence
shows that the complainant told the purchaser at the time of the sale
that her right to such lands rested in parol and adverse possession,
and that it was thereupon agreed that the deed to the respondent
should contain only the land held by the vendor under written
evidence of title, and that the deed executed by the vendor to the
purchaser was prepared by an attorney who acted under instructions,
assented to by both parties, that the lands purchased were to be de-
scribed in said deed according to certain deeds furnished the attor-
ney, which deeds did not contain a description of the lands omitted
from the deed to the respondent.

2. *Deed; conveyance to grantee and "her children forever," vests title in parent and children jointly.*—A deed to L., "and her children forever," "and for her own benefit and behoof forever," L. having living children at the time of the conveyance, vests title at once in the grantee and her children then living, to the exclusion of children subsequently born.

APPEAL from the Chancery Court of Coffee.

Tried before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on January 9, 1892, by the appellee, Ida V. Lee, against the appellant, W. H. Moore, to enforce a vendor's lien on certain property sold to the respondent.

The bill averred that on February 6, 1891, the complainant, who was seized and possessed of the S. E. ¼ of section 18, and the N. E. ¼ of the S. W. ¼, and the S. W. ¼ of the N. E. ¼, and the S. E. ¼ of the S. W. ¼ of section 18, and the W. ½ of the S. W. ¼ of section 16, all in township 5, range 20, in Coffee county, Alabama, sold said lands to the respondent, and took from the respondent a note for the deferred payment of $820, which was made payable on the 1st day of October, 1891, and that with the exception of $317.50 this note has not been paid. Upon these allegations the complainant asked for the enforcement of the vendor's lien which was reserved by her upon the lands sold to the respondent. The defenses which were set up by the respondent in his answer are stated in the opinion.

The evidence for the complainant tended to show that in 1867 her father and mother executed a deed to her, conveying an undivided one-half interest to the property which was sold to the complainant; and that at the same time they executed a deed, conveying the other undivided one-half interest to her brothers; that in 1868 her brothers executed a deed to her husband, J. H. Lee, conveying to him their undivided one-half interest in the said lands; that she and her husband had remained in possession of the lands ever since that conveyance, and up to the time of the sale and execution of the deed to the lands to the respondent. J. H. Lee, the husband of the complainant, joined with her in the execution of the said deed. In reference to the facts and circumstances relating to the sale and conveyance to the respondent, the evidence for the complainant was that the negotiation of the sale was pending for some time; that

at the request of the respondent, her husband, J. H. Lee, who was negotiating the sale of the lands, carried the deeds to said lands to an attorney, who investigated the title thereto, and said to the respondent that the children of the complainant and her husband might have some claims to the property; that thereupon it was agreed by the respondent that if the children of the complainant, who had attained their majority would sign the deed, he would run the risk of getting the other children of the complainant to join in the conveyance when they attained their majority. In accordance with this agreement, the three children of the complainant and J. H. Lee, who were over the age of 21 years, joined with them in the execution of the deed. The evidence for the complainant further tended to show that at the time of the sale and the execution of the deed the complainant and her husband, J. H. Lee, said to the respondent that they sold and would convey only such land as they had title to, as shown by their deeds, and so directed the attorney in drafting the deed to the respondent. These facts and circumstances were testified to by several witnesses.

The evidence for the respondent was that the husband of the complainant, J. H. Lee, with whom the respondent negotiated, and respondent, walked over the land and pointed out certain property as being that which he was to purchase from them; that he said the eastern boundary of the land purchased was the Pea river; but that after the purchase of the land, and upon having the line run, he discovered that the Pea river was not the eastern boundary line, but that there were from 40 to 60 acres of valuable land on the western side of the Pea river, which was not included in the conveyance, and which he thought he was purchasing. The respondent also testified that he discovered, after he purchased the property, that the complainant did not have a fee simple title to the property, as he supposed.

Upon the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and that the respondent was not entitled to the relief asked for in his cross-bill. The respondent appeals from this decree, which is here assigned as error.

W. D. ROBERTS, for appellant.

[Moore v. Lee.]

P. N. HICKMAN, *contra*, cited *Tobin v. Bell*, 61 Ala. 125; *Tedder v. Steele*, 70 Ala. 347; *Burkett v. Munford*, 70 Ala. 425; *Orendorff v. Tallman*, 90 Ala. 445; *Lockwood v. Fitts*, 90 Ala. 150; *Howle v. North Birmingham Land Co.*, 95 Ala. 389.

COLEMAN, J.—The appellee, Lee, filed this bill against the appellant, Moore, to enforce a vendor's lien for the payment of an unpaid balance due for the purchase of land. The defense set up in the answer is, that the deed of conveyance does not include certain valuable parcels of land described in the answer, shown to the respondent, and which were represented to him as belonging to the tract which respondent believed he was purchasing; and, second, that complainant executed a deed with covenants that the vendors were seized in fee simple of the land and of warranty of title against all persons and claims, and that there is a failure of title, in that certain minor children of complainant owned an equal interest with her, which she did not and could not convey. The answer avers the insolvency of complainant. The answer is made a cross-bill, and prays for a rescission of the contract of sale and repayment of the purchase money paid.

As to the first ground of defense, we are of opinion the respondent utterly failed in his proof. We are clearly satisfied, that the lands are described in the conveyance as the parties intended they should be. Conceding that the vendor showed the respondent a strip of land running up to the river, not included in the conveyance, which she claimed to belong to her, it is clear that the vendor explained the nature and character of her right and title to this strip; and the evidence of other witnesses tends strongly to sustain the vendor in this claim, while there is nothing in the record to the contrary. The vendor stated to the purchaser, that her right to this strip of land rested in a parol agreement, and possession and claim of right thereto for twenty years. She is corroborated in this statement, but we think it clear that the vendor did not agree to put in the deed of conveyance any other lands than those to which she held written evidence of title. We are satisfied that the attorney who drew the deed acted under instructions, assented to by both parties, that the lands were to

[Moore v. Lee.]

be described in the conveyance according to the deeds furnished him.

The other ground of defense is that of failure of title in the property conveyed. We think the law under the evidence is adverse to the claim of the respondent and cross complainant, upon this point. The evidence is without conflict, that Ida V. Lee had minor children at the time of the sale and conveyance to respondent. Whether the minor children owned any interest in the lands depends upon the construction and effect of the deed of her father to the complainant, under and by virtue of which she claimed title. The deed expressed a consideration of love and affection, for his daughter, Ida V. Lee, and the lands were conveyed to "the said Ida V. Lee and her children forever," "and for her own benefit and behoof forever," and the said parties covenanted with the said Ida V. Lee that the lands were "free from all incumbrance," &c. This deed was executed in July, 1867, and complainant and husband took immediate possession of the land, and remained in possession, until the sale and conveyance to respondent, on February 6, 1891, a period of about twenty-three and a half years. The evidence shows that at the time of the execution of the deed from her father, she then had children living, and it further shows, that all the children, who were of age at the time of the sale and conveyance to respondent, joined with their mother and father in the deed and conveyance of these lands to respondent and cross complainant. Under the deed of conveyance from her father, Ida V. Lee did not take a life estate, with remainder to the children, nor was there any postponement of the estate of the children, but the children then *in esse* took jointly with the mother. The rule of law is, that a conveyance to "A" and his children, if "A" have children at the time of the conveyance, the children take jointly with the parent, and after born children are excluded.—*Vanzant v. Morris*, 25 Ala. 285, *Varner v. Young*, 56 Ala. 260; *Mason v. Pate*, 34 Ala. 379; *Williams v. McConico*, 36 Ala. 22.

We hold that, under the law and the facts, respondent acquired under the deeds of conveyance executed to him a good and perfect title to all the lands purchased by him.

There is no error in the decree of the chancery court, and it is in all things affirmed.