# Wallace *v.* Hodges, *et al.*

*Ejectment.*

(Decided April 22, 1909.    49 South. 312.)

1. *Deeds; Construction; Intention of Grantor.*—If there is anything in the deed to show that the grantor intended to employ technical legal terms used indiscriminately in the deed in a different sense from the legal technical meaning, the courts will undertake to construe the deed, to ascertain the intention of the grantor without regard to the legal technical meaning.

[Wallace v. Hodges, et al.]

2. *Same.*—Where it is sought to draw from the deed the creation of a tenancy in common to one and his lawful heirs, and the intention of the grantor becomes a matter of construction the fact that the grantor omitted to name the grantees must be considered in determining the grantor's intention.

5. *Same.*—The rule of construction is to reconcile if possible any repugnances between the granting and habendum clause of a deed, but if this cannot be done, the granting clause will control.

4. *Same;·Estate Created; Children; Heirs.*—A deed granting an estate to the grantor's son and his heirs, granting the described lands to the son, and his lawful heirs to have and to hold unto the son and the children of his body, their heirs and assigns, forever (the son at that time having no children) created in the son an estate tail which was converted by the statute into a fee, since it will be presumed that the word heirs, was used in the legal sense excluding the idea of participation with a living person, and the word, children, being equivalent to the word Heir, or issue, although in usual legal acceptation being a word of purchase.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by W. G. Hodges and another against B. P. Wallace. 'From a judgment for plaintiffs defendant appeals. Reversed and remanded.

D. C. ALMON, and LOWE & TIDWELL, for appellant.— The court erred in striking pleas A, B and C from the file.—*A. G. S. v. Clark*, 136 Ala. 450; *Brooks v. Continental I. Co.*, 125 Ala. 615; *Troy Fert. Co. v. The State*, 134 Ala. 333. In construing the deed in question the court's attention is called to the following cases.— *Slayton v. Blount*, 93 Ala. 577; *Echols v. Jordan*, 39 Ala. 31; *Smith v. Greer*, 88 Ala. 416; *Eddings v. Murphy*, 142 Ala. 619; *Wilson v. Alston*, 122 Ala. 630; *Campbell v. Noble*, 110 Ala. 383; *Petty v. Boothe*, 19 Ala. 641. The first named grantee takes under the deed, the rule being that where there are two repugnant clauses the first clause governs, unless the intention to qualify is very plain.—*Gould v. Womack*, 2 Ala. 83; *Webb v. Webb*, 29 Ala. 588; *McWilliams v. Craft*, 135 Ala. 148; *McCombs v. Stevenson*, 44 South. 867; *Hafner v. Ewin*,

34 Am. Dec. 390. By limiting her conveyance to her dower interest and being without that interest no title passed by the deed of Mrs. Hodges.—*Thompson v. Sheffield,* 85 Ala. 611; *Boran v. Pickens,* 129 Ala. 648.

G. O. CHENAULT, for appellee.—The true intent and meaning of the grantors must determine the construction to be given the deed.—13 Cyc. 601; *Hamner v. Smith,* 22 Ala. 438; *Sullivan v. McLaughlin,* 99 Ala. 60. Repugnant or inconsistent parts of the deed may be rejected.—13 Cyc. 619. The premises cannot be contradicted by the habendum clause, nor can it be a limitation upon the quality or title intended to be conveyed.— *Bunkley v. Lynch,* 47 Ala. 214. The words, child or children should be substituted for the word, heir, where it appears in the deed, as the intention of the party executing it.—*May v. Ritchie,* 65 Ala. 602; *Wilkie v. McGraw,* 91 Ala. 631; *Campbell v. Noble,* 110 Ala. 394; *Watson v. Williamson,* 129 Ala. 362; *Findley v. Hill,* 133 Ala. 229.

McCLELLAN, J.—Ejectment by appellees against appellant. The decisive question in this case exists in the construction of a certain deed of gift from Daniel W. Hodges and his wife, of date August 29, 1882. For all necessary purposes of decision we adopt this skeleton of the deed: "* * * We, Daniel M. Hodges and Martha Hodges, for and in consideration of the love and affection which we bear toward our beloved son, William R. L. Hodges, and his heirs lawfully begotten by him, we do hereby give, grant, and convey unto our said son William R. L. Hodges and his lawful heirs, * * * to have and to hold unto the said William R. L. Hodges and the children of his body, their heirs and assigns, forever. * * *" The appellees contend that, since

William R. L. Hodges had, at the date of the execution and delivery of the deed two children, viz., these appellees, those children took, under the deed, as tenants in common with their father, William R. L. Hodges. The court below sustained this insistence. The appellant insists that the legal effect of the conveyance, according to the intention of the grantors, was to vest in William R. L. Hodges an estate tail, converted by statute into a fee, in the lands described.

The face of the instrument evinces the want of skillfulness in the draftsman thereof, especially in the respect that the word "heirs" and the word "children" are indiscriminately employed.—*May v. Ritchie,* 65 Ala. 602. We must, therefore, undertake the construction of the instrument, with the view to the ascertainment of the intention of the grantors, relieved from the influence of the technical meaning of the legal terms appearing, provided there is anything in the instrument to show that the grantors intended to employ them in a different sense.—*Slayton v. Blount,* 93 Ala. 575, 9 South. 241. If the expression in the habendum clause, namely, "the children of his body, their," was absent from the instrument, there would be no ground for controversy, because the descriptive terms, "his heirs lawfully begotten by him" and "his lawful heirs," appearing in the premises and granting clause of the deed, would be held to evince an intent to create an estate tail, converted by statute into a fee.—*May v. Ritchie,* 65 Ala. 602; *Slayton v. Blount,* 93 Ala. 575, 9 South. 241. Does the quoted part of the habendum alter the result in ascertaining the intent of the grantors? Does it evince an intent to vest in the appellees an equal estate with W. R. L. Hodges? Was the expression used in the sense of creating a limitation, or was its purpose to make these appellees purchasers, deriving their right from the grantors?

"Children," in usual legal acceptation, is a word of purchase; but that its meaning in this respect may be that of limitation, rather than of purchase, according to the intent with which it is employed, has been long adjudicated.—*Echols v. Jordan*, 39 Ala. 24. It is a significant fact in this instance that, though these appellees were in esse at the date of the execution of this deed by their grandparents, and, according to their contention, love and affection for them inspired in part the donation shown by the deed, they were not made grantees by name in the instrument. In wills, which, by nature, are ambulatory, such an omission is naturally usual; but when the creation of a tenancy in common by deed is sought to be drawn from the instrument, and the intention of the grantor becomes a matter of construction, the omission to name the grantees is a fact worthy of serious consideration in determining the grantor's intent.

The quoted expressions from the premises and granting clause of the deed both employ the word "heirs," and, as said in *Slayton v. Blount*, "no one is the heir of a living person;" and, of course, these appellees were not at the time of the execution of the deed, and are not now, within the description spoken by both the premises and granting clauses. Unquestionably, according to these expressions, the grantors had in mind the future repositories of the title, since their son was without heirs until his demise, not yet occurring. We do not think it can be assumed that these grantors were ignorant of so obvious a fact as the relative meaning of the word "heirs" imports. To impute to them such ignorance would be to convict them of the want of at least average intelligence. Turning to the habendum: If "children" is given, in that connection, its usual signification —a word of purchase—it is manifest that a conflict be-

tween the premises and the granting clause, on the one hand, and the habendum clause, on the other, appears. Such a construction must, if practicable, be *avoided*. To summarize under these conditions, we have a deed that in the forward parts uses words of limitation, and hence in this instance creating an estate tail, and consequently vesting no present interest in those capable of coming within its terms, if the instrument was effective to that purpose, and, to the contrary, an habendum that, as appellees contend, affects to vest an immediate interest or estate in common with the named cograntee. It is our duty to reconcile the repugnancy, if possible; and, if that cannot be done, the former clauses, under the rule prevailing in this state with respect to deeds, must control to the exclusion of the last.—*Petty v. Boothe,* 19 Ala. 633.

We think the only way to reconcile the conflicting provisions is to read "children of his body" as the equivalent intent and meaning of "heirs of his body" or "issue." This conclusion cannot be escaped, if the description of the objects inspiring, in part, the gift of the land is not wholly ignored. The grantors did not restrict the motive for their donation to the then living progeny of their son. If we ascribe and limit the source of their desire to make the gift to their affection for the son and his then born children, it is impossible to avoid the feeling that an unexpressed limitation is read into the instrument as the very motive for its execution. That such a view is altogether supported within the four corners of the instrument, we need only consider that the grantors refer, in the premises and granting clauses, to the heirs of that son, evidently contemplating those who should be of his body, but answering to the description only after his decease. If the various expressions under consideration are taken to

mean, as appellees insist, then born children, the result, under the rule with us, would be to deny the benefit of the gift to issue of W. R. L. Hodges born after the execution of the deed.—*Moore v. Lee*, 105 Ala. 435, 17 South. 15. If the unequivocally stated motive of the grantors for the gift is not ignored, such a construction, to the exclusion of the after-born children, would probably violate their expressed intent and purpose. This is to be avoided, if possible; and we avoid such a result by the reconciling interpretation set forth; and, accordingly, we hold the deed to have operated to invest W. R. L. Hodges with the fee in the lands described in the deed of August 29, 1882.

The several decisions of this court to which counsel for appellees have called our attention have been carefully considered; but their want of application to the status presented by the instrument in question here is apparent. For instance, several of these decisions dealt with instruments wherein support was provided for grandchildren, and the court very naturally attached importance to such a provision. As is clear from the opinions, provision for support indicated a purpose for present enjoyment by those answering to the description of children or equivalent terms. No such expression appears in the instrument in hand. The conclusion announced renders it unnecessary to treat other questions argued.

The court below gave, at the instance of the plaintiffs, the affirmative charge as to two-thirds undivided interest in the land in suit. This is error, for which the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.