(75 South. 924)

GAMBLE et al. v. GAMBLE. (4 Div. 692.)

(Supreme Court of Alabama. May 17, 1917.)

1. DEEDS ☞90 — DRAWN BY UNSKILLED DRAFTSMAN—CONSTRUCTION.

A greater latitude of construction is to be indulged in in the case of a deed drawn by an unskilled draftsman than in the case of the product of a skilled scrivener.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234-237, 247, 248.]

2. DEEDS ☞97 — CONSTRUCTION TO AVOID REPUGNANCY.

Where it is reasonably possible without doing violence to the plain terms of a deed, it is the court's duty to so construe its provisions as to avoid repugnancy.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 267-273, 434-447.]

3. DEEDS ☞124(3) — CONSTRUCTION — RESTRAINT ON ALIENATION.

Where an estate in fee simple is granted by proper and sufficient words, a clause which is in restraint of alienation will be rejected.

4. DEEDS ☞127(2)—CONSTRUCTION—ESTATE CONVEYED—ESTATE TAIL.

A conveyance to a son and "his bodily heirs after him, and to be free from mortgage or any form of conveyance by deed to the second generation," and providing that the grantee shall pay all taxes and expenses and keep the property in good repairs, "during his natural life," and

---

further granting the premises to the grantee his "heirs and assigns forever," *held* to create an estate tail which is converted by Code 1907, § 3397, into a fee-simple estate.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 358.]

Appeal from Chancery Court, Houston County; O. S. Lewis, Chancellor.

Bill by Willie J. Gamble against Ligon Solomon Gamble and others. Decree for plaintiff, and defendants appeal. Affirmed.

H. K. Martin, of Dothan, for appellants. T. M. Espy, of Dothan, for appellee.

McCLELLAN, J. The bill filed by appellee against appellants invokes a construction of a deed. The grantor was W. I. Gamble. He owned the land in question. The consideration was therein recited to be $1, latterly love and affection; the appellee, W. J. Gamble, being the son of the grantor. At the time of the execution and delivery of the deed the appellee had two living children, viz. the appellants Ligon Solomon Gamble and Maude M. Gamble; and after its execution and delivery the appellants Hoyett E. and Sudie M. Gamble were born to appellee. Eliminating presently unimportant features of the instrument, it reads:

"Know all men by these presents that W. I. Gamble * * * do hereby acknowledge, do hereby grant, bargain, sell, enfeoff, and confirm and convey unto the said Willie J. Gamble the following described real estate: * * *

"First. I, W. I. Gamble, do hereby grant and give to my son Willie J. Gamble the above-described real estate to forever be his and his bodily heirs after him, and to be free from mortgage or any form of conveyance by deed to the second generation; this being my natural love and affection.

"Second. Said Willie J. Gamble shall keep all taxes and all expenses of farm and all appurtenances there to in good repairs during his natural life and all rents shall be his alone.

"To have and to hold the aforegranted premises to the said Willie J. Gamble, heirs and assigns forever.

"And I do covenant with the said Willie J. Gamble, heirs and assigns, that I, lawfully seised in fee of the aforegranted premises; that they are free from all incumbrances; that I have a good right to sell and convey the same to the said Willie J. Gamble, heirs and assigns forever, against the lawful claims and demands of all persons."

[1] Since it appears from the face of the instrument that it was drawn by an unskilled draftsman, greater latitude of construction is to be indulged than if it had been the product of a skilled scrivener. May v. Richie, 65 Ala. 602; Wallace v. Hodges, 160 Ala. 276, 49 South. 312. If the words "to be free from mortgage or any form of conveyance by deed to the second generation" and the words "said Willie J. Gamble shall keep all taxes and all expenses of farm ["paid" we interpolate] and all appurtenances thereto in good repairs during his natural life and all rents shall be his alone" had been omitted from the instrument, it would have presented a plain case within the doctrine of Wallace v. Hodges, supra, and Slayton v. Blount, 93 Ala. 575,

200 ALA.—12

9 South. 241, and others in that line, where it was held that the effort was to create an estate tail converted by our statute (Code, § 3397) into a fee simple. Do the first-quoted words, when considered in connection with all of the terms of the instrument, manifest an intent entertained by the grantor either to constitute the children of Willie J. Gamble tenants in common with him in the land or to create a life estate in Willie J. Gamble with remainders in his children? For the reasons stated in Wallace v. Hodges, it is entirely clear from the face of the instrument that the creation of a relation of cotenancy was no part of the grantor's purpose. Neither of the then living children of Willie J. Gamble is named in the instrument; and there are no terms in the paper making any possible reference to them as immediate; possessory beneficiaries of the grant. In fact, it would contradict terms of the instrument to say that even the then living children of Willie J. Gamble were intended to have conferred on them, in præsenti, an estate in possession.

[2] Unless the last-quoted expressions serve to qualify or to limit the grant, the instrument, under the influence of the statute cited, discloses an unmistakable intent to vest an absolute fee in Willie J. Gamble, the first taker. It is the duty of the courts, in all cases where it is reasonably possible without doing violence to plain terms, to so construe provisions in deeds as to avert or avoid repugnancy in its terms. Petty v. Boothe, 19 Ala. 633, 640; Wallace v. Hodges, supra. If the last-quoted expressions are interpreted as manifesting an intent to vest a less estate than the absolute fee (having regard to the effect of the statute), a contradiction, at least in a marked degree, would be the result. It is therefore the duty of the court, under the rule stated, to reconcile the terms of the instrument, if that may be reasonably done—done without affronting or subverting the grantor's intent.

[3] As the attempted limitation upon the power of Willie J. Gamble to mortgage or convey is introduced in this instrument, due account must be taken of this rule, approved in Hill v. Gray, 160 Ala. 273, 276, 49 South. 676, and in Graves v. Wheeler, 180 Ala. 412, 416, 61 South. 341, 343:

"Where an estate in fee simple is granted to a person, by proper and sufficient words, a clause in a deed which is in restraint of alienation is void and will be rejected."

[4] But aside from the effect of this rule, it is not thought that this provision evinces any other purpose on the part of the grantor than to cast a restraint that consisted entirely with his desire to confine the title and enjoyment of the property to the lineal descendants of his son, Willie J. Gamble. When so interpreted, the effort to restrain alienation during Willie J. Gamble's life expresses no intent repugnant to that effected through the grantor's subjection of his conveyance to the

influence of our statute which converts an estate tail into an absolute fee in the first taker. The other expression's effect, in one aspect, was to state, to reiterate, the rights and obligations recognized by law in consequence of the character of estate, a fee, conveyed to and invested by the deed in Willie J. Gamble; while in the other aspect it manifested no intent contradictory or in qualification of that derived by a proper interpretation from the expression manifesting a purpose to restrict the power of alienation, viz. to prescribe in accordance with the grantor's idea to create an estate tail, the statute's application thereto operating to effect the result before stated.

Our conclusion accords with that attained in the court below. Its decree is hence affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.