## LONG v OLINGER

Ohio Appeals, 2nd Dist, Darke Co

No 425. Decided June 8, 1933

Aaron H. Kessler, Laura, W. A. Haines, Troy, and Wm. Harry Gilbert. Troy, for plaintiff in error.

Herman F. Krickenberger, Greenville, for defendants in error.

in particulars and subject to motion to make certain it states a cause of action for quieting title and that as an incident thereto it is necessary to construe and determine the meaning of the language employed in the deed. The form of the petition is such as is recognized in actions to quiet title and the adverse claim of defendants is set up in the usual form. (See Bate's Pleading and Practice, Vol. 3 (1908) 2436, and cases cited at page 2473).

Coming then to the determination of the title passing to plaintiff by the language of the deed. The granting clause of the deed presents the language for construction.

"To the said Grantee, Jesse S. Long, and the children of his body begotten, and their heirs and assigns forever."

The habendum and warranty clauses employ the same phraseology.

It is fundamental that where there is any ambiguity or uncertainty in the intent of the parties to a deed in the language therein employed, recourse may be had to facts and circumstances which will afford any assistance in construction.

As the cause comes to us on demurrer to the petition, we are confined to its allegations for any circumstances attending the execution and delivery of the deed which may be helpful.

It appears that when the deed was made by Henry Long, the father, to his son, Jesse S. Long, his mother was also living and signed the deed. Jesse S. Long was then married, living with his wife and had been for almost sixteen years. No children had been born to Jesse S. Long and his wife. Presumably all of these facts were known to the Grantor, Henry Long, when he made the deed in question. The consideration is shown to have been "natural love and affection for his son, Jesse S. Long."

As suggested by the trial court when the parties departed from the usual language employed in a deed to pass a fee simple estate, i.e., "heirs and assigns forever," it must have been for a purpose. It is probable, knowing that his son had no children, the father did not do a vain thing and undertake to pass a present estate to them in fee simple. It is likewise probable that he meant to secure an estate to the children of his son if any should, in the future, be born. If the language employed can be construed, consonant with these probabilities, the intent of the parties will be divined and effectuated.

## OPINION

By HORNBECK, PJ.

We have carefully examined the petition and are of opinion that though indefinite

If we adopt the theory of plaintiff, we must first say that "children of his body begotten" are words of purchase and are to be joined with "Jesse S. Long," and the words "and heirs and assigns forever" made to modify both "Jesse S. Long" and "children of his body begotten." This will accomplish a grant of a fee simple estate in common to Jesse S. Long and the "children of his body begotten." Having done this, as there were no "children of his body" in esse, there is no one to take and the grant as to the children is void. Thus, by first giving a fee simple to the children of Jesse S. Long, and immediately taking it from them, Jesse S. Long is left as the sole grantee in fee. By this process prospective children of Jesse S. Long are excluded from any beneficial interest whatever. This is the one construction which to us seems to be counter to the intent to be gleaned from the language of the deed in the light of the averments of the petition.

If there be no fee simple estate granted to Jesse S. Long, then his estate is either a fee tail or for life.

The authorities hold both ways as to which of these estates is created. The trial court held that the estate was a fee tail and no error is prosecuted by defendant in error to this determination, so that it is not necessary for us to express any opinion further than to say that it is not a fee simple estate in Jesse S. Long, as contended by plaintiff.

There is no case in Ohio wherein the language employed is the same. The nearest approach thereto is found in **Pollock v Speidel, 17 Oh St, 439** which deed carried the usual and well-recognized form of language employed to create an estate in fee tail: "to A, the heirs of his body, and assigns, forever." The court held that the grantee took an estate tail. It is urged that the word "children" in the deed under consideration is a word of purchase and not of limitation. It is true that "children" in many instances has been construed to be an expression of purchase and not of limitation and if used without any explanatory circumstances should be so construed. If we use the word "heirs" instead of the word "children" we have language much like that employed and construed in the Pollock case, supra. If "heirs" was substituted for "children" in our deed the words "Heirs and" were omitted, the granting clause would read: "to the said grantee, Jesse S. Long, and the heirs of his body begotten and assigns forever." This is, to all intents and purposes, the language of

the Pollock deed where such language was held to create an estate in fee tail. It may with considerable merit be urged that "begotten" in the clause under consideration gives to the phrase "children of his body begotten" the same meaning as if "heirs of his body" had been employed. If this be true then "heirs and assigns" following does not have the effect of enlarging the estate created. In Ohio by statute the issue of the first donee in tail takes a fee simple estate.

The subject under consideration is carefully considered in an annotation to Cullens v Cullens (N. C.) 1917 B, L.R.A., 74; annotation beginning at page 76. The annotator discussing principles drawn from the cases cited says:

"According to what may be termed the primary rule of construction where the conveyance is expressed to be to one "and his children," or to one and his children, naming them, and there are children living, the parent and the children then in being will, in the absence of anything to warrant a different construction, take concurrently, either as joint tenants or as tenants in common. This result follows whether the rule applied is the technical one that persons named as grantees take an immediate estate, or the independent rule of construction by which it is presumed that the parents and children were intended to take concurrently; the practical difference between the two rules being that under the first the construction is varied only where the grantor has proceeded in due form to define the extent of the separate estate to be enjoyed by the grantees, while, under the second, the construction may be varied by implications of a different intention found in other parts of the instrument, or in the relationship of the parties thereto. Since at common law a grantee must be a person in being, after-born children can take no interest, under the conveyance * * * that where a present estate is granted, only existing children are to take, is also presumed to be the intention of the grantor.

But even where technical rules of construction prevail, it has been held that where it is clearly the intention of the parties that future as well as existing children shall take an interest under the deed, and the conveyance is one operating under the statute of uses, after born children may take as beneficiaries of a shifting or springing use.

The two presumptions, that where a conveyance is to one and his children the parent and children were intended to take

concurrently, and that only existing children were intended to take, will yield to indications of a contrary intention."

Most of the cases considered are based upon the determination that the word "children" is used as a word of purchase and not of limitation although the citator further states,

"Where, at the time of the conveyance, the grantee named has no children, the presumption is that the term 'children' is a word of limitation rather than of purchase giving such grantee an estate tail: but this presumption may be rebutted, and in such case the grantee named is usually held to have an estate for life with remainder to the children."

There follow cases wherein the parent and children have been held to take a fee simple estate jointly under language similar to the one in the instant deed and cases wherein the parent has been held to take a life estate with remainder to his children. The annotation cites many authorities and the trend is definite against the contention that the plaintiff in this case would take a fee simple title under the language of the deed. No case has come to our attention wherein the parent was given a fee simple estate where there were no children living at the time of the deed and the grant was also to the children and their heirs forever.

In the case of **Sheets v Monat, 5 O.N.P. (N.S.) 22** at the time of the execution and delivery of the deed there were three children living. Thereafter three more children were born to Nancy Daniels, the grantee. The court held that Nancy Daniels and her three children living at the time of the execution of the deed took an estate in fee simple in common. The pertinent language of the deed read: "In consideration of $3100.00 paid by Nancy Daniels to Edward Heath (her father) do hereby grant, bargain, sell and convey to the said Nancy Daniels, her and her children and assigns forever."

The warranty clause which the court held to be controlling read: "He will forever warrant and defend the same with the appurtenances unto the said Nancy Daniels to her and her children, heirs and assigns, against the lawful claims of any persons whomsoever."

Although this authority is a nisi prius opinion, it has significance because it was written by Judge Matthias, now of the Supreme Court. In the Daniels case the court

was of opinion that unless the children were granted a fee simple title with their mother, she would have only a life estate. The court was of opinion that the word "children" was used in a particular sense the same as though the living children had been named and that this was the purpose of the grantor bringing them within a recognized rule of construction heretofore quoted.

In Wallace v Hodges et, A.L.R., 49 So, 312, "children of his body" was construed as equivalent in intent and meaning to "heirs of his body" or "issue." In this case the court held that the deed passed an estate tail which because of the statute in effect in Alabama converted into a fee simple estate.

We have examined the authorities cited in the splendid brief of counsel for plaintiff and find that all were decided upon the peculiar facts in the cases and do not change the principle which we follow nor, in our judgment, require a different determination than that of the trial court.

The demurrer was properly sustained. The judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.