## LENOIR v. RAINEY.

1. A deed, by which a slave is conveyed to B., in trust, "for the use of M. C., wife of T. A. C., during her natural life, and, after her death, said slave to be the joint property of the heirs of the body of said M. C., vests the entire estate in M. C., and the slave, being reduced to the possession of the wife, becomes the absolute property of the husband.

2. The interposition of a trustee in a deed for the use of a married woman, where the property goes into her possession, and the deed contains no words of exclusion, cannot prevent the marital rights of the husband from attaching upon the property.

3. Where property is found in the possession of a family composed of several individuals, the law refers the possession to him who has the title.

Error to the Circuit Court of Dallas.   Before the Hon. N. Cook.

This was a trial of the right of property, levied on under an execution in favor of defendant in error, against one Tho. A. Cargill, and claimed by plaintiff in error.   The defendant having made out a *prima facie* case, the plaintiff in error proved, that the property in question, which was a slave, had

been once owned by John M. Cargill, who conveyed it to one Jonathan Brantly, to have and to hold, in trust, "for the use of Martha Cargill, wife of Thomas A. Cargill, during her natural life, and, after her death, said slave to be the joint property of the heirs of the body of said Martha Cargill." Martha Cargill died before the levy, in possession of the slave, and the slave remained in the family of Thomas A. Cargill, consisting of himself, and his children by the said Martha, and was, after the death of said Martha, claimed by the children as their property. The plaintiff in error derived title from the said children, but there was no evidence that they ever had any other title, than that which they claimed to have received through the deed of trust of John M. Cargill.

The court charged the jury, that the deed conveyed to the said Martha Cargill a full title to the slave, and that by possession, the right vested in her husband, and that her children, before or after her death, had no right to the slave. Also, that if Thomas A. Cargill and the children, and the slave all remained together as a family, and Thomas A. Cargill, having the legal title to said slave, the law, as to the plaintiff (in execution) and other creditors, would cast the possession upon Thomas A. Cargill, and not upon the children.

The claimant excepted to these charges severally, and now assigns them as error.

CHAMBERLAYNE, for plaintiff in error.

G. W. GAYLE, contra.

1. The interposition of a trustee cannot protect the property, any more than if he had not been named. See Lamb v. Wragg and Stewart, 8 Porter, 72.

2. The deed of trust creates an estate tail, thereby destroying all other estates created by it, and vesting the *fee simple* in Thomas A. Cargill, by virtue of his marital rights —said Thomas being defendant in execution. See Clay's Dig. 157, § 37; Harkins v. Coalter, 2 Porter, 463; Dunn v. Davis, 12 Ala. 135. The case of O'Neal et al. v. Teague et al. 8 Ala. 345, cited by plaintiff in error, is different from this. There, the property was to revert, if the wife had no chil-

dren, and this was a contingency which might prevent an estate tail.

3. If the deed does create an estate tail, and the wife is held not to take a *fee simple*, then she died before execution, and the property reverted to the donor, or became the property of the husband *in fee* for want of other disposition, or remainder, or reversion.

4. Lenoir, the claimant, at most, held but a small interest in the slave, and should not be permitted to claim, but enjoin, and sever the interest. As to other interests than his own, he has no right to interfere. In McGrew v. Hart, 1 Porter, 175, it was said, he might interfere, but this case has virtually been overruled by Sample v. Moore, 3 Ala. 319, and Dunn and wife v. Bank of Mobile, 2 Ala. 152.

5. The question of six years' possession is abstract. The evidence shows a joint possession of father and children up to 1837, and the legal title all the while in the father.

CHILTON, J.—The main point involved in this case, was decided in Machen v. Machen, at the present term of this court. It was there held, that a bequest to a married woman, and to her bodily heirs, and if no, heirs, to the right heirs of the donor, vested in the first taker, under the rule of construction adopted in Shelley's case, 1 Rep. 93: the absolute estate, and the property having been delivered to the wife, by the executor, vested absolutely in the husband, and upon his death, vested in his executor, and did not survive to the wife.

In the case before us, the slave is vested in a trustee, for the use of the wife for life, and after her death, to be the joint property of the *heirs of the body of the wife.* Had the property conveyed by this deed been real estate, the authorities all agree that an estate tail would have been created. Busby v. Greenslate, 1 Stra. 445; 2 Ld. Raym. 873; 2 Salk. 679; Papillon v. Voice, 1 Pr. Wms. 471. But our statute abolishes estates tail; and it is a general rule, that where the words would raise an estate tail in real property, they will give the absolute title in personalty. 7 Yerg. 519; 9 ib. 232. Indeed, by the common law, no estate tail could be created in personal property. The result is, that the abso-

lute property vested in the first taker, the remainder over to the heirs of the body, being merged in the estate for life. There is nothing in the deed to restrict the words "heirs of the body," to mean, the children of the wife, and by analogy to the rule in Shelley's case, they must be considered as words of limitation, not of purchase. See also Price v. Price, 5 Ala. Rep. 578; 2 Roper on Legacies, 351; 3 Bro. C. Rep. 127; 2 Por. 473.

That the legal estate was attempted to be vested in a trustee, there being no words to exclude the marital rights of the husband, makes no difference. The trustee, after the property was delivered to the wife, had nothing further to do with it. The husband, having the possession, is entitled to all the rights in the property secured by the deed to the wife, and as we have seen the limitation over could not take effect, the absolute proprietorship in the property vested in the husband. The trustee could not sue the husband, and recover upon his title, for he has no right to the possession. Carleton & Co. v. Banks, 7 Ala. Rep. 32; Hale v. Stone, at the last term, and authorities there cited. The legal title in the trustee being impotent as against the husband, it is equally so as against his vendee—otherwise, a perpetual restraint would be imposed by the terms of the deed upon the alienation of the property, which the law will not permit. In such case, it is manifest the trust becomes wholly inoperative. See, as to the intervention of a trustee, Lamb, trustee, v. Wragg and Stewart, 8 Ala. Rep. 73; Carleton v. Banks, and Hale v. Stone, *supra;* Cook v. Kennerly, 12 Ala. Rep. 42. In the case last cited, it is said, "one of the inseparable incidents to the ownership of personal property, is, that it shall be liable for the debts of the owner, and that a restraint upon its alienation is void"—citing, Brandon v. Robinson, 18 Vesey, 429.

It follows, from what we have said, that there was no error in the first charge given. As to the second charge, which was objected to, we think it but asserts the familiar principle of law, that where property is found in possession of the family, composed of several individuals, the law refers the possession to the owner of the title. We do not think the charge was an invasion of the rights of the jury. They were in-

structed hypothetically, "that if Thomas A. Cargill, and the children and slave, all remained together as a family, Cargill having the legal title to the slave, the law as to the plaintiff and the other creditors, would cast the possession upon Cargill, and not upon the children." There was no proof that the children claimed otherwise than under the deed, which we have seen vested in them no title. We must consider the charge in connection with, and as applicable to, the proof, and we cannot say, that it was in any way calculated to mislead the jury. Judgment affirmed.