## MARTIN vs. McREE AND WIFE.

[BILL IN EQUITY FOR CONSTRUCTION OF WILL AND REMOVAL OF TRUSTEE.]

1. *Construction of devise under statute abolishing estates tail.*—A devise to a trustee, to have and to hold to and for the sole and separate use of the testator's daughter during her life, "and at her death to the heirs of her body forever in fee-simple, and in default of such heirs, then to the right heirs" of the testator "in fee-simple,"—vests the absolute estate in the first taker: the subsequent limitations, not being within the express terms of the proviso to the act of 1812, (Clay's Digest, 157, § 37,) abolishing estates tail, are void.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellees, to obtain a judicial construction of the will of Mrs. Martha Burt, who was the mother of Mrs. McRee; also, to remove the trustee of Mrs. McRee's property, appointed under the will of her mother, and to have her husband appointed in his stead. By the will of Mrs. Burt, which was executed and probated in 1846, said testatrix devised and bequeathed her entire estate, real and personal, to Abram Martin, upon certain uses and trusts, of which it is only necessary to notice the two following:

"*Thirdly.*—To have and to hold one-half part of all my said real estate above devised, to and for the use of my son, Lewis M. Cantelow, during his life, and for the support and maintenance of his family; and at his death, to his sons, William Lemuel and Lewis H. Cantelow, and the heirs of their body forever; and in default of such heirs, then to my right heirs, in fee-simple.

"*Fourthly.*—To have and to hold the residue of all the said devised real estate, (after the above devise for the use of the said Lewis M. Cantelow for life,) to the sole and separate use of my daughter, Martha Ann Burt, during her life, not liable to the control or for the debts of any husband my said daughter may marry; and at her death, to the heirs of her body forever in fee-simple; and in default of such heirs, then to my right heirs, in fee-simple."

The chancellor held, that Martha Ann Burt, now Mrs. McRee, took an absolute estate under the will; and his decree on this point (*inter alia*) is now assigned as error.

MARTIN & BALDWIN, and J. F. CLEMENTS, for appellant.
THOS. J. JUDGE, and THOS. WILLIAMS, *contra*.

RICE, C. J.—The controlling question in this case is, what is the legal effect of the fourth paragraph of the will?

The 10th section of the act of 1812 declares, that "every estate in lands or slaves, which now is, or shall hereafter be, created an estate in fee-tail, shall from henceforth be an estate in fee-simple, and the same shall be discharged of the conditions annexed thereto by the common law, restraining alienations before the donee shall have issue ; so that the donee, or person in whom the conditional fee is vested, or shall vest, shall have the same power over the said estates, as if they were pure and absolute fees. *Provided*, that any person may make a conveyance or demise of lands to a succession of donees *then living*, and the heir or heirs of the body of the *remainder-man*, and in default thereof, to the right heirs of the donor, in fee-simple."—Clay's Digest, 157, § 37.

As long ago as 1836, in Simmons v. Augustin, 3 Porter, 69, this court, in construing the statute above referred to, declared that every conveyance made since its passage, if it contained words proper and necessary to create a fee tail, and its expressions imported an estate tail, was a conveyance of the fee simple ; and that to constitute a valid limitation by a conveyance, which, if construed without reference to the statute, would have had the effect to create an estate tail, the language prescribed in the statute must be adopted. The opinion of this court in the case above cited has, thus far, been acquiesced in as a proper exposition of the statute. It must now be regarded as a rule of property, and be adhered to as such. Under its influence, we are constrained to hold, that as the expressions contained in the fourth paragraph of the will under consideration import an estate tail, and as the language prescribed in the statute of 1812 has not been

adopted in that paragraph, the effect of that paragraph was, to vest in Martha Ann Burt, the first taker, the absolute beneficial interest in the real estate thereby devised, not merely for her life, but as an estate in fee-simple. The limitation of that real estate to the heirs of *her body*, and in default of such heirs to the right heirs of the testator, is invalid. It is not authorized by the *proviso* to the 10th section of the act of 1812. The conveyance is not "to a succession of donees *then living*, and the heir or heirs of the body of *the remainder-man*"; but to a donee then living, and *the heirs of her body forever, in fee-simple*. The case presented by the fourth paragraph of the will is not *the specific case* provided for and saved by the *proviso* to said 10th section. And although there may be as good reason why the legislature should have authorized the limitation contained in said fourth paragraph, as to have authorized the limitation expressed in said proviso; yet the court is not called on to say what law the legislature should have made, but simply what law it did make for such a case as the present.

Having decided the point above considered against the appellant, and understanding from him that, if we did decide that point against him, he did not desire an examination of any other question in the case, we decline to consider any other question, and affirm the decree. He must pay the costs, and be reimbursed therefor out of the trust funds.

STONE, J., not sitting.