80 304
d122 636

# McQueen *v.* Logan, *et al.*

*Statutory Real Action in the Nature of Ejectment.*

1. (*Adverse possession perfects title*).—Uninterrupted possession by defendant and his vendor, for twenty-eight years before suit brought, under written claim of title, accompanied by the usual acts of ownership, "perfects a title against all the world, unless there be a claimant armed with a paramount title, yet so circumstanced that he could not assert his title until the occurrence of an event which has happened within less than ten years before the commencement of the suit."

2. ("*Rule in Shelley's Case*" *applied—Right of heirs to sue*).—The "Rule in Shelley's Case," as at common law, prevailed in this State until the 17th January, 1853, when the Code of 1852 became operative; and deeds and wills which took effect before that date, are governed by it.

3. *Same.*—A deed, executed in 1841, by which lands were conveyed to a trustee, "for the purpose of providing a permanent domicile and home for the said Jane C. M.," a married woman, "and such family as she may have, for their use and benefit during her natural life, and at her death to descend to and be equally divided among and between her heirs," under the operation of the rule in Shelley's Case, vested

the entire estate in Mrs. M.; and if her children took any present interest, as members of "the family,"their right to sue for it was not postponed until her death.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

This action was brought· by the children, heirs at law of Jane C. McMeans, against James G. McQueen, to recover a tract of land lying in Lowndes county, with damages for its detention; and was commenced December 9th, 1884. The defendant pleaded: 1. The general issue. 2. The statute of limitations of ten years. 3. Adverse possession. 4. Statute of limitations of twenty years. Upon these pleas issue was joined. The plaintiffs, against the objection of the defendant, offered in evidence a deed executed by William Payne on the 17th July, 1841, conveying the lands in controversy to William A. T. Dunklin in trust for "Jane C. McMeans, wife of Seldon A. McMeans, and such family as she may have, for their use and benefit during the natural life of said Jane, free from the control of all and every person or persons, and at the death of said Jane, the said premises to descend to, and be equally divided among and between her heirs." It was further shown by the plaintiffs that William A. T. Dunklin, the trustee, died prior to 1857, and that Mrs. Jane C. McMeans died in 1882; that plaintiffs were her children, and that Mrs. McMeans and her children had been in possession of the lands continuously from 1841 to 1855.

The defendant introduced in evidence a power of attorney executed by Mrs. McMeans to T. J. Davis, authorizing him to sell and convey the lands described in the complaint, and also a deed made in pursuance of said power of attorney to A. B. McWhorter, executed 2d April, 1856. In connection with these instruments, the defendant showed that McWhorter entered and remained continuously in possession of the granted premises from 1856 to 1870; and that since the latter date the defendant had said McWhorter's possession continuously and uninterruptedly—both McWhorter and the defendant claiming the absolute title and making valuable erections thereon and exercising every right of ownership up to the time of the commencement of this suit in 1884. Upon this evidence, the court, at the request of the plaintiffs, charged the jury that if they believed the evidence they must find for the plaintiffs ; to which charge of the court the defendant excepted, and assigns the same, together with the admission in evidence of Payne's deed, as error.

BREWER & LITTLE, for appellants.

20

[McQueen v. Logan et al.]

W. R. HOUGHTON, R. M. WILLIAMSON, *contra*.

STONE, C. J.—McWhorter went into possession of the lands sued for in 1856, under a deed of bargain and sale made by Mrs. McMeans through Davis her attorney in fact. Whether that deed was valid or not we need not inquire. When McWhorter purchased he went into possession, and remained in possession without interruption until 1870, claiming all the while in independent right, and exercising acts of ownership. From that time down to the trial in this cause, McQueen, the appellant, has had and held McWhorter's right, and has himself been in independent possession. During all that time—twenty-eight years—the said McWhorter and McQueen, each in his turn, has claimed and held possession as of right, has asserted and performed acts of ownership, and has made valuable and permanent improvements; thus asserting all the rights of absolute ownership. The present suit was brought in December, 1884. Time has perfected a title in McQueen against all the world, unless there be a claimant armed with a paramount title, and yet so circumstanced as that he could not assert such title until an event which has happened within less than ten years before this suit was brought.

Mrs. McMeans died in 1882, and the present suit is by her children who survived her. The title which Mrs. McMeans claimed, and which it is alleged she sold and conveyed to McWhorter, was conveyed to her in July, 1841, by William Payne. Plaintiffs claim that under that deed Mrs. McMeans, their mother, took only a life-estate, remainder to them as purchasers; and that they have the legal title, dating from the death of their mother in 1882. Defendant's answer to this claim is, that under Payne's deed Mrs. McMeans took an absolute title; and that the words of the deed which are relied on as creating a remainder in plaintiffs, are simply words of limitation, determining the quantity of the first taker's estate; and that plaintiffs can claim only by inheritance from their mother. If this be so, the mother's title being barred before her death, she left nothing for them to inherit, and this suit must fail.

The real question in this case is, whether Payne's deed, in its proper interpretation, falls within the rule in Shelley's case —a rule of interpretation under the common law which prevailed when this deed was made, but was repealed in this State by the Code of 1852. As said in 2 Washb. Real Prop. *268, the peculiarity of such estate is, that " while in form the estate has two parts, a particular one for life, with a contingent remainder to the heirs of the tenant who takes the particular estate, it is constructively a single estate of inheritance in the

first taker. The form of limitation of such estates is to the grantee or devisee for life, and after his death to his heirs, or the heirs of his body, either mediately or immediately, both estates being created by the same deed or devise. This rule, instead of regarding a part of the entire estate as in the ancestor, and a part in his heirs, considers the entire estate as being in him alone."

As we have said, this rule of interpretation is not now the law of Alabama. It was changed a third of a century ago. Code of 1876, § 2183. Only deeds or wills executed before the adoption of our first Code—January 17, 1853—are governed by it. Few cases will hereafter come before us which can feel its influence. Alabama can now share with New York in the touchingly beautiful tribute paid to it by the learned and classical Kent.—4 Com. *283. We will, therefore, abstain from any elaborate consideration of its principles.

The question is not an open one in this court. We have three well considered decisions, pronounced on titles not distinguishable in principle from Mr. Payne's deed under which plaintiffs claim, in each of which the rule in Shelley's case was held to apply, and that the absolute title vested in the first taker.—*Lenoir v. Rainey*, 15 Ala. 667; *Hamner v. Smith*, 22 Ala. 433; *Martin v. McRee*, 30 Ala. 116. See, also, *Williamson v. Mason*, 23 Ala. 488; *McVay v. Ijams*, 27 Ala. 238; *Mason v. Pate*, 34 Ala. 379; *Roberts v. Ogbourne*, 37 Ala. 174.

If it be contended that under Payne's deed, the children took conjointly with their mother, as part of the "family" the deed was intended to provide for, this can not help appellees. Such construction would clothe the children with a right to sue as soon as McWhorter took possession as purchaser, in hostile claim to their rights; and allowing to the children the longest possible time for them to reach majority, the statute will long since have perfected a bar against them.

The Circuit Court erred in the charge given, as the plaintiffs showed no right to recover.

Reversed and remanded.