# Deason *v.* Stone, *et al.*

*Ejectment.*

(Decided Feb. 1, 1910.  Rehearing denied Feb. 26, 1910.
52 South. 307.)

*Deeds; Construction; Estates Acquired.*—Where a grantor executed a deed of trust for the use of his son for life, and at his death, for the use of his heirs at the time of his death, and their heirs and assigns forever, and in case the son should leave no heirs at his death, the land should go to the heirs at law of the grantor then living, the deed vested in the son, a life estate, with remainder to his children living at the time of his death, although such deed was controlled by the statutes of 1812. (Section 37, p. 157, Clay's Digest.)

(Anderson, J., dissents.)

APPEAL from Tuscaloosa Circuit Court.
Heard before Hon. S. H. SPROTT.

[Deason v. Stone, et al.]

Ejectment by Fannie Deason against Steve Stone and another. Judgment for defendant and plaintiff appeals. Affirmed.

DANIEL COLLIER, and R. H. SCRIVENER, for appellant. The deed in this case was executed under and is governed by the statutes of 1812 as found in Clay's Digest, section 37. The decision in the case of *Finley v. Hill*, 133 Ala. 229, is based upon the statutes and authorities as they now exist. It is, therefore, respectfully submitted that the construction given the deed in that case should not be permitted to stand. A proper construction of the deed will be found in the case of *Simmons v. Augusta*, 3 Port. 90. See also *Martin v. McCree*, 30 Ala. 116; *Bibb v. Bibb*, 79 Ala. 442; *Lenoir v. Raney*, 15 Ala. 667; *Hamner v. Smith*, 22 Ala. 433; *Wordsworth v. Miller*, 103 Ala. 132.

J. MANLY FOSTER, and OLIVER, VERNER & RICE, for appellee. The deed of Murchison Findley to Elbert and William Robertson, deriving validity from the statute of uses, did not work a forfeiture of Murchison's life estate, and the possession of the Robertsons and their alienees was no more adverse to appellee than would- have been Murchison's possession.—2. Washburn's Real Property, section 2, page 638; *Horton v. Sledge*, 29 Ala. 478; *Smith v. Cooper*, 59 Ala. 494; *Pope v. Pickett*, 65 Ala. 487; s. c. 74 Ala. 122; *Pendley v. Madison*, 83 Ala. 484. By the statute of 1803 the warranties of Murchison Findley in his deeds to the Robertson's were void as against the remaindermen, and the deeds operated to carry only the life estate.—Clay's Digest, p. 156, § 30. The statute of limitations of ten years was not enacted till 1843, and was not retroactive but wholly prospective. Prior to that time the statute

of limitations was thirty years. A bar could not be completed by either statute, in these cases, prior to 1853.—Clay's Digest, § 85, p. 328, and § 92 and § 93, p. 329; 2 Brickell's Digest, p. 224, §§ 91 and 92, and authorities there cited. Mrs. Trannie Stone, the appellee, was born in 1852, and the remainder then vested and stop-. ped the running of the statute of limitations.—*Gindrat v. Western Ry.*, 96 Ala. 162; *Smaw v. Young*, 109 Ala. 526. Deeds as well as wills, are to be construed so as to carry out the intention of the grantor, if no rule of law is thereby violated.—*Campbell v. Gilbert*, 57 Ala. 569; *Blake v. Stone*, 27 Vermont 475; *Long v. Laming*, 2 Burrows, 1100; *Pierce v. Blake*, 4 Burrows, 2579; 2 Greenleaf's Cruise, 381 and note. To ascertain the intention of the grantor is the cardinal rule of construction.—*Williams v. Graves*, 17 Ala. 65; *Dunn v. Davis*, 12 Ala. 140; *Hamner v. Smith*, 22 Ala. 438; *May v. Ritchie*, 65 Ala. 602; *Sullivan v. McLaughlin*, 99 Ala. 64; *Campbell v. Noble*, 110 Ala. 394; *Jenkins v. Cooper*, 50 Ala. 419; *Campbell v. Gilbert*, 57 Ala. 569; *Daniel v. Whartenby*, 17 Wall. 639. In ascertaining such intention regard must be had to the situation and relative position of the parties, and the objects which they had in view.—*Strong v. Gregory*, 19 Ala. 146; *Sullivan v. McLaughlin*, 99 Ala. 64; *Campbell v. Noble*, 110 Ala. 394; *Mitchell v. Gales*, 23 Ala. 438; *Pollard v. Maddox*, 28 Ala. 321. To be a word of limitation "heirs" must be used as including all persons in all generations of both the lineal and collateral lines, belonging to the class designated by the law as heirs.—4 Kent's Com. (6th Ed.) 221; Fearn's Cont. Remainders 197; *De-Vaughn v. Hutchinson*, 165 U. S. 566; 22 Am. and Eng. Encyc. Law, 512. Tested by these rules of construction it is manifest that Kenneth Findley did not use "heirs" in its technical sense, but in a restricted sense,

and as designatio personarum. The rule in *Shelley's Case* does not therefore apply to give Murchison Findley a fee simple.—3 Jarmon on Wills, (5 Am. Ed.), 117; 2 Wash. Real Prop. 653 (Stau. page 273) ; *Williams v. Graves,* 17 Ala. 62; *Powell v. Glenn,* 21 Ala. 459; 22 Am. and Eng. Ency. Law, 516 (note "superadded words" at bottom of page, and authorities there cited) ; *DeVaughn v. Hutchinson,* 115 U. S. 566; *Dunn v. Davis,* 12 Ala. 135; *McVay v. Ijams,* 27 Ala. 238; *May. v. Ritchie,* 56 Ala. 602; *Sullivan v. McLoughlin,* 99 Ala. 60; *Campbell v. Noble,* 110 Ala. 394; *Kuntzlemann's Estate,* 136 Penn. St. 142; *Fahnsey v. Holsinger,* 65 Penn. St. 388; *Shutt v. Rambo,* 57 Penn. St. 149; 1 Wash. Real Prop. § 22, pp. 104-5; 2 Wash. Real Prop., § 16, p. 653. Nor did the deed give Murchison Findley a fee tail converted by the statute of 1812 into a fee simple.—Keyes on Real Prop., § 71, pp. 36-9; 22 Am. and Eng. Ency. Law, 615 (note "superadded words" at bottom of page) ; *DeVaughn v. Hutchinson,* 165 U. S. 566; 4 Kent's Com. 221; Fearne's Remainders, 150 et seq., 178-9 and 210; *Valentine v. Borden,* 100 Mass. 273; *Blair v. VanBlackum,* 71 Illinois 290. Note —"When rule does not apply"—to *Vanolinder v. Carter,* 2 L. R. A. 458.

ANDERSON, J.—The deed in question was construed in the opinion of the court in the case of *Findley v. Hill,* 133 Ala. 229, 32 South. 497, and the question involved was again considered in the cases of *Findley v. Deason,* 135 Ala. 661, 33 South. 1013, and *Findley v. Hardy,* 135 Ala. 663, 33 South. 1013, and was decided, in these last two cases, by a mere reference to the first case. As we understand the meaning given the deed in the opinion, it was that Murchison Findley took a life estate, with remainder to his descendents living at the

time of his death, and in default of such descendants it was to go to the heirs of the grantor. The descendants of the life tenant were synonymous with bodily heirs, and the holding was that Murchison Findley took a life estate, with a remainder to his bodily heirs living at the time of his death. It may be that this is the proper and only reasonable meaning to be given the words in the conveyance; and, whether it created a fee tail or not, the remainder could be upheld since the adoption of the Code of 1852.

It is insisted, however, that this deed was executed in 1826, and was controlled by the statute of 1812, as found in Clay's Dig. p. 157, § 37, and which was not referred to or considered in the former opinion. We confess that the opinion does not discuss or refer to said statute; but if the ruling, to the effect that a fee tail was not created, is sound, then said statute would have no application. If, on the other hand, the deed did create a fee tail, and the court erred in holding to the contrary, then the statute of 1812, being the law when the deed was made, would apply, and Murchison Findley would take the absolute fee thereunder, unless it came within the proviso therein contained. Section 37, as found in Clay's Digest, is as follows: "Every estate in lands or slaves, which now is or shall hereafter be created an estate in fee tail, shall from henceforth be an estate in fee simple, and the same shall be discharged of the conditions annexed thereto by the common law, restraining alienations before the donee shall have issue, so that the donee, or person in whom the conditional fee is vested, or shall vest, shall have the same power over the said estates, as if they were pure and absolute fees: Provided, that any person may make a conveyance or demise of lands, to a succession of donees then living ,and the heir or heirs of the body

of the remaindermen, and default thereof, to the right
heirs of the donor in fee simple."

"First. Did this deed create a fee tail under the
common law? Second. If it created a fee tail, did it
come within the proviso created by the statute? If
the first inquiry can be answered in the affirmative, and
the second in the negative, then the grantor, Murchison
Findley, took the absolute estate in fee simple, under
the force of said statute, regardless of what the law
is or has been since the execution of said deed. The
first inquiry, as we have observed, was answered in the
negative in the former opinion, and if the holding there
was sound there is no need to answer the second in-
quiry. On the other hand, the first question has been
answered in the affirmative, and the second in the nega-
tive, in the case of *Simmons v. Augustin,* 3 Port. 90,
and *Martin v. McRee,* 30 Ala. 116, wherein it was helu
that language similar to that given in the deed in ques-
tion created a fee tail, and the first grantee took a fee-
simple estate, under the statute of 1812. The words
considered in the *Simmons Case, supra,* may not be
identical with those applied by this court in the former
opinion; but the words used in the instrument consid-
ered in the *Martin Case, supra,* are identical with the
meaning given the words employed in the present deed.
There is, therefore, a direct conflict in the holding that
this deed did not create a fee tail with the cases of *Sim-
mons v. Martin, supra,* and we must, therefore, determ-
ine the soundness of the rulings, respectively, and adopt
that view which may seem sound and correct.

It will be observed that the only authorities cited in
the case of *Findley v. Hill,* 133 Ala. 229, 32 South. 497,
in support of the holding that the deed in question did
not create an estate tail, is Fearne on Rem. 117, and
the case of *Roberts v. Ogbourne,* 37 Ala. 174. Fearne

[Deason v. Stone, et al.]

on Remainders does not support the holding. It may be that the *Ogbourne Case, supra,* does, in a measure, support the conclusion in the *Findley Case, supra.* This case, however, does not strike us as being sound, Stone, J., dissenting from same. This case seems to proceed upon the theory that the testator gave directly to the heirs of Sarah Bledsoe, reserving to her simply a use during her lifetime, that the heirs took the entire property, and not the remainder after a life estate, and that the reservation to Mrs. Bledsoe was not of the thing itself, but of the use and benefit for a specified time, and that these facts differentiated the case from those which fell within the rule in *Shelley's Case.* Whether this was a proper construction as to the meaning of the devise to Mrs. Bledsoe, or not, we need not determine; for, if it was, it differentiated it from the present deed, which plainly gives Murchison Findley a life estate, rather than a mere reservation to use the same. On the other hand, we find that the case of *Martin v. McRee, supra,* is in line with *Lenoir v. Rainey,* 15 Ala. 667, and *Hamner v. Smith,* 22 Ala. 433. In the case of *Bibb v. Bibb,* 79 Ala. 442, the court reaffirmed the soundness of the *Martin Case, supra,* and declared it the proper construction of the statute of 1812 above quoted, notwithstanding it did not follow same in said case, as the parties had purchased after a former construction of the identical instrument in the case of *Edwards v. Bibb,* 43 Ala. 666, and *Edwards v. Bibb,* 54 Ala. 475. This *Martin Case* was again cited approvingly in the case of *McQueen v. Logan,* 80 Ala. 307. We do not find that the case of *Roberts v. Ogbourne* has ever been cited, except in the *Findley v. Hill Case, supra,* and in which said last case it was cited in support of the application of the rule in *Shelley's Case* as to conveyances made prior to the adoption of the Code of

1852. We are therefore constrained to hold that the deed in question created a fee tail, under the well-considered authorities construing the law as it existed when the same was executed, and Murchison Findley acquired a fee-simple title to the property conveyed. The case of *Findley v. Hill,* 133 Ala. 229, 32 South. 497, is expressly overruled, in so far as it holds that the deed did not create a fee tail, and in holding that the bodily heirs of Murchison Findley acquired a title under same.

As was said by the court, speaking through Stone, C. J., in the case of *McQueen v. Logan, supra*:. "This rule of interpretation is not now the law of Alabama. It was changed a third of a century ago.—Code 1876, § 2183. Only deeds or wills executed before the adoption of our first Code (January 17, 1853) are governed by it. Few cases will hereafter come before us which can feel its influence. Alabama can now share with New York in the touchingly beautiful tribute paid to it by the learned and classical Kent (4 Com. 283)." We must add that this is among the few cases coming to us after over a half century from the adoption of the first Code, and which is governed by statutes previous thereto, but which presents a question long and well settled by the authorities.—*Simmons v. Augustin,* 3 Port. 90; *Lenoir v. Rainey,* 15 Ala. 667; *Hamner v. Smith,* 22 Ala. 433; *Martin v. McRee,* 30 Ala. 116; *Bibb v. Bibb,* 79 Ala. 442; *McQueen v. Logan,* 80 Ala. 307.

The Alabama cases cited and relied upon in brief of counsel for appellee can be reconciled with the present holding. The case of *Powell v. Glenn,* 21 Ala. 459, held that, owing to explanatory expressions, "heirs of her body" was synonymous with children. The present deed cannot be construed so as to limit the estate over to restricted descendants of Murchison Findley. It gives

the land, upon his death, to his heirs generally; but, owing to the fact that the grantor sought to give it to his own heirs, in case of a failure of heirs on the part of Murchison, and that, if Murchison left no heirs, there could be no heirs of the grantor to take upon Murchison's death, this court held that the deed referred to the descendants of Murchison, and not collateral or general heirs. It was not, and could not have been, correctly held, however, that the "descendants of Murchison" were so limited as to become words of purchase, instead of words of limitation. Moreover, the instrument construed in the *Powell Case, supra,* related to personal, and not real, property, and which distinction will be adverted to later on.

The case of *McVay v. Ijams,* 27 Ala. 238, construed a conveyance or devise of personal property, a slave, and, while the opinion questioned a distinction that had been previously made in construing words one way when they related to personal property and another way when referring to real estate, adhered to the distinction, and intimated that there would be a fee tail under the instrument there considered if it related to land.

The case of *Dunn v. Davis,* 12 Ala. 135, was by a divided court, and the instrument construed related to personal property, a slave, and "heirs or children" were used, and the court held these to be words of purchase and intimated that they should not be construed in the same sense as were applied to real estate.

In the case of *May v. Ritchie,* 65 Ala. 602, the court held that, because of the use of the words "children" indiscriminately with "heirs of the body" to designate the remaindermen, they took as purchasers; but it was said in this opinion: "Under the operation of the rule in *Shelley's Case,* of force when the deed was executed,

a gift to one for life, and then to the heirs of his body, would create an estate tail; the words 'heirs of the body' being, in their nature and ordinary signification, words of limitation, and not of purchase."

The case of *Sullivan v. McLaughlin,* 99 Ala. 60, 11 South. 447, related to a deed made since the Code of 1852. Moreover, other words were used which justified the court in holding that it related to the children of the grantee begotten by the grantor.

In the case of *Campbell v. Noble,* 110 Ala. 382, 19 South. 28, the court held that, under all the circumstances of the case, "heirs of the body" was synonymous with "child or children," and upheld the remainder. On the other hand, the meaning given the deed in question in the case of *Findley v. Hill, supra,* was that the heirs of the first taker did not mean heirs in the broader sense, but meant the children, the issue, or descendants of Murchison living at his death, and which is broad enough to cover all bodily heirs living at the time of his death. It is not restricted to any class of bodily heirs or descendants, but would include any and all who might be living at the time of his death, and falls entirely within the holding in the case of *Martin v. McRee,* 30 Ala. 116.

The foregoing is the opinion of the writer; but a majority of the court are in favor of following the case of *Findley v. Hill,* 133 Ala. 229, 32 South. 497. They think the construction of the deed in said case was proper, and that the opinion is sound, and not in conflict with the case of *Martin v. McRee,* 30 Ala. 116.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, McCLELLAN, and SAYRE, JJ., concur. ANDERSON, J., dissents.