133 So. 826

## WILSON et al. v. WARD.
### I Div. 677.

Supreme Court of Alabama.

Dec. 17, 1931.

Rehearing Denied Jan. 21, 1932.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

Smith & Johnston, of Mobile, for appellee.

## BROWN, J.

The bill in this case was filed by the appellee against appellants to quiet title to the property described in the bill. The parties, both complainant and respondents, claim title under the third paragraph of the will of complainant's mother, Ann Hynes Wilson, who died December 31, 1901, leaving surviving her three children, Robert Edward Wilson, Mary Ellen Ward (the appellee, named in the will as "Nellie Wilson Ward," who was then 39 years of age, married, and living with her husband), and Hannah Edwards Wilson.

The will was executed on the 6th of December, 1901, less than a month before the tes-

tatrix' death, and at that time appellee had no children living, but previous thereto, in July, 1901, had a child born to her, which died on the day of its birth. No children have been born to her since, and as the agreed facts show, she "is now sixty-eight years of age and beyond the child-bearing age."

Hannah Edwards Wilson, the other daughter, who was 42 years of age at the death of the testatrix, never married and died intestate, December 4, 1923.

Robert Edward Wilson, the son of the testatrix, died November 18, 1922, and left surviving, the appellants as his only heirs at law.

The result of the case depends upon the interpretation of the paragraph of the will under which the parties claim, to wit: "I give, devise and bequeath to my daughter Nellie Wilson Ward, the house and lot with improvements on St. Joseph Street second south of State Street in the City of Mobile, State of Alabama, for her natural life, *and after her death to the use of the heirs of her body, and in the event of the death of the heirs of her body, then the same shall revert to the heirs of my body.*" (Italics supplied.)

The contention of appellee is that this paragraph of the will undertook to create an estate in fee-tail, and by virtue of the statute abolishing such estates, vested in her an estate in fee simple (Code 1923, § 6901), citing, in support of this contention, Martin v. McRee & Wife, 30 Ala. 116, and Deason v. Stone et al., 166 Ala. 49, 52 So. 307.

The trial court, applying the ruling in Martin v. McRee and Wife, supra, ruled in accord with this contention, and entered a decree declaring that the appellants had no right, title, or interest in the property, and settled and quieted the title as in fee simple in the appellee.

Appellants' contention here is that the quoted paragraph of the will vested in the first taker, an estate for life, and in default of heirs of her body, the remainder, after the termination of the life estate, vested in the appellants, the children of the deceased son as "the heirs of the body" of the testatrix.

The devise dealt with in Martin v. McRee and Wife, both in substance and legal effect, is materially different from the one under consideration, and the often-stated truism that "no will has a brother" is not overturned by the will of Mrs. Ann Hynes Wilson.

The devise interpreted in Martin v. McRee and Wife, was to a trustee for the use of a life tenant, Lewis M. Cantelow, with the residue, "to the sole and separate use of my daughter, Martha Ann Burt, during her life * * * and at her death, *to the heirs of her body forever in fee-simple; and in default*

*of such heirs,* then to my right heirs, in fee-simple." (Italics supplied.) The holding in that case was that the devise there in question, under the influence of the rule in Shelley's Case, which was then a part of the common law of this state, vested the entire estate in Martha Ann Burt, creating in her an estate in fee-tail, and that the devise over "in default of such heirs, then to my right heirs in fee simple" was not within the terms of the proviso to the act of 1812, authorizing "a conveyance or demise of lands, to a succession of donees *then living,* and the heir or heirs of the body of the remainder-man, and default thereof, to the right heirs of the donor, in fee-simple" (Clay's Dig., p. 157, § 37); that the devise over was void, and by virtue of the statute the estate in fee-tail became an estate in fee-simple.

The rule in Shelley's Case was abolished by the Code of 1852 (section 1304), and the proviso in section 10 of the act of 1812 was not carried forward into the Code of 1852, and after the adoption of that Code, said proviso and the rule in Shelley's Case ceased to be a part of the law of this state.

Under the law in force at the death of the testatrix, and now, the devise, the subject of this controversy, passed to the complainant a life estate, with a life estate in the "heirs of her body," contingent upon such heirs coming into existence, and at the death of such heirs to the heirs of the body of the testatrix. This is the clear and manifest intent of the devise—"I give, devise and bequeath to my daughter Nellie Wilson Ward (the property described) and after her death *to the use of the heirs of her body, and in the event of the death of the heirs of her body,* then the same shall revert to the heirs of my body." (Italics supplied.) This language appears in each of the paragraphs of the will specifically devising separate parcels of real property to Robert and Nellie, children of the testatrix, and from the whole the judgment here is that the terms "heirs of the body" were used, not as words of limitation, but as words of purchase, designating a class of persons who were to take from the donor at her death; that is, Nellie Wilson Ward took a life estate, and if she had children born to her, they were to have the use of the property during their lives, and at their death, the children of the testatrix were to have the remainder. May v. Ritchie, 65 Ala. 602; Dunn v. Davis, 12 Ala. 135.

The result of the devise was to vest in Nellie Wilson Ward a life estate, at the time of testatrix' death, the fee in remainder vesting in the three children of the testatrix, Robert, Hannah, and Nellie, as tenants in common, and if children had been born to Nellie, the enjoyment of the fee in remainder would have been postponed until the death of such children.

When Robert died intestate, his one-third undivided interest in the remainder passed to his heirs at law, and at the death of Hannah, her one-third interest passed to her heirs at law, Nellie Wilson Ward, the complainant, and the children of Robert; therefore, the complainant (appellee here) has a life estate in the property and one half of the remainder in fee, and the appellants are owners of the other half of the remainder in fee.

The result would be the same if the words "heirs of her body" and "heirs of my body," where they occur in the devise, were construed to be words of limitation or procreation, for it is clear that the fee vested in the heirs of the body of the testatrix, and so construed the fee-tail would be converted into a fee-simple estate in the first takers of the fee, Robert, Hannah, and Nellie. Code 1923, § 6901.

The decree of the circuit court was not in accord with these views, and it is therefore reversed, and the cause is remanded that a decree may be rendered by that court in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.