## BISHOP v. JONES et al.
### 7 Div. 198.

Supreme Court of Alabama.

June 22, 1933.

O. R. Hood and Roger C. Suttle, both of Gadsden, for appellant.

Miller & Miller and Culli & Culli, all of Gadsden, for appellees.

BROWN, Justice.

The appellant's contention here is that the deed executed by T. J. Wofford, Sr., to Martha Alice Jones on November 3, 1873, interpreted in the light of the rule in Shelley's Case, which was abolished by the Code of 1852 (section 1304), vested in Mrs. Jones a fee-tail estate, which by virtue of the statute was converted into an estate in fee simple. Code 1923, § 6901. If this contention is sustained, the appellant, on the agreed case, was the owner of the entire title, and appellees have no interest therein, and the decree granting them relief must be reversed.

The language of the deed here presented is: "That I, Thomas J. Wofford, Sr., for and in consideration of the love and affection I bear toward my beloved daughter, Martha Alice Jones, do hereby give, grant and convey unto my said daughter, Martha Alice, the following described land, towit: [describing Fraction (C) of Fractional Section (9) Nine, in Fractional Township 12 of Range 7 E, in Etowah County]; to have and to hold to the said Martha Alice, during her natural life, and at her death the said described Fraction (C) of said land descends in fee to the heirs of her body—but should she die without heirs of her body, at her death the above described land shall revert and go to my four sons, Thomas J., J. M., W. L. and A. J. Wofford, now living, or to their heirs in equal parts; to have and to hold to the said parties as provided and instructed above, their heirs and assigns forever."

At the time of the execution and delivery of the deed, Mrs. Jones had no children living, but was married, and children were afterwards born to her, some of whom are the appellees in this case.

The appellant insists that the principles stated in Shuttle & Weaver Land & Improvement Co. v. Barker, 178 Ala. 366, 60 So. 157, are applicable and controlling. The facts which differentiate the case at bar from that case, and render it inapt, are that the deed here expressly creates in the donee a life estate, with limitation over to the "heirs of her body" which, under the facts of this case, and the language of the deed, must be construed to mean her children, and, in the event she "should die without heirs of her body," at her death the fee-simple title was to revert to the four named sons of the donor.

The legal effect of the conveyance was to vest, eo instante, a life estate in Mrs. Jones, and a base fee in remainder in the four sons of the donor, the base fee subject to be defeated by the birth of a child or children to Mrs. Jones, who, on coming into being, took what, but for the statute, would have constituted a contingent remainder, as by "an executory devise," defeating the base fee in remainder of the four sons of the donor.

Code 1923, §§ 6902, 6907; Wilson et al. v. Alston, 122 Ala. 630, 25 So. 225; Boshell et al. v. Boshell et al., 218 Ala. 320, 118 So. 553; Wilson v. Ward, 224 Ala. 147, 138 So. 826.

The decree of the circuit court was in accord with these views, and is due to be affirmed. It is so ordered by this court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.